**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SMALLWOOD-SMALL INSURANCE, INC.,**

    Plaintiff,

**v.**                                                              **Civil Action No. 3:06-CV-107
(Judge Bailey)**

**AMERICAN AUTOMOBILE INSURANCE,
COMPANY,**

    and

**BROWN & BROWN OF CALIFORNIA, INC.,
dba LANCER CLAIMS SERVICES dba
CALSURANCE,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

### I. Introduction

The Court has pending before it plaintiff Smallwood-Small Insurance, Inc.'s Motion for Summary Judgment [Doc. 44]. At issue are claims for declaratory judgment, damages for fraud, and bad faith claims adjustment practices against the defendants, American Auto, Fireman's Fund, and Brown & Brown. Having been fully briefed, the motion is now ripe for adjudication.

### II. Factual and Procedural History

The defendants in this case are Smallwood's errors and omissions ("E&O") insurance carrier, American Auto, its parent corporation, Fireman's Fund, and a third-party insurance adjuster employed by American Auto, Brown & Brown.

This action arises out of American Auto's denial of coverage of third-party complaints by three insureds against Smallwood alleging professional negligence on the part of Smallwood that it failed to procure the necessary insurance coverages for which Images retained Smallwood or, in the alternative, had not placed the coverages with any solvent insurer.

**A. The Filly's Claim**

Filly's Bar and Grill sought to obtain property, commercial general liability and liquor liability insurance from Smallwood. It completed an application for those coverages, which was sent to the G. Morgan Insurance Agency, Inc. ("Morgan Agency"). Then, Combined Services, Ltd. issued a binder, which it claimed to have been placed with United Guarantee Reassurance, Ltd. ("United").[1] American Auto set forth no evidence or document originating with United that would confirm that it had underwritten the coverages. Rather, all documents purporting to confirm the placement of the coverages with United originated with the Morgan Agency, Combined Services, Ltd., Paramont Exposure Prevention, Houston or Tri-Continental Exchange, Ltd.[2]

Subsequently, a civil action arose in Jefferson County, West Virginia, against Filly's, alleging negligence in serving an intoxicated, underage patron who thereafter caused injury to the plaintiff, Ricky Brittner. Filly's filed a third-party complaint against Smallwood, alleging professional negligence in that Smallwood failed to obtain the insurance coverages for which it was retained or, in the alternative, had not placed the coverages with any

---

[1] Combined Services, Ltd. is an alter-ego of the Morgan Agency, listing the same business address, suite and telephone numbers.

[2] Paramont Exposure Prevention, Houston and Tri-Continental Exchange, Ltd. also shared the same business address, suite numbers and telephone number as the Morgan Agency and appear to be alter-egos thereof.

solvent insurer.

### B. The Images Claim

Images, Inc. sought to obtain property, commercial general liability and liquor liability insurance. Images filled out the necessary applications, and the Morgan Agency issued a binder, which it claimed to have been placed with United. American Auto set forth no evidence or document originating with United that would confirm that it had underwritten the coverages. Rather, all documents purporting to confirm the placement of the coverages with United originated with the Morgan Agency. Subsequently, a civil action was commenced in Jefferson County, West Virginia against Images by Mary Jacques, administrator of the estate of Larry G. Hose, alleging negligence on the part of Images in causing the shooting death of Larry G. Hose by a patron upon its premises. Images filed a third-party complaint against Smallwood alleging professional negligence on the part of Smallwood that it failed to procure the necessary insurance coverages for which Images retained Smallwood or, in the alternative, had not placed the coverages with any solvent insurer. Smallwood then placed Robert Steedman of Lancer Claims Services, a division of Brown & Brown on notice of this claim.

### C. The Kinsman Claim

Troy Erickson sought to obtain property, commercial general liability and liquor liability insurance for three corporations operating three night clubs. He filled out the necessary applications, which was sent to the Morgan Agency. The Morgan Agency issued a binder to place the coverages with United. The Morgan Agency represented that United bound itself to the coverages. American Auto set forth no evidence or document originating with United that would confirm that it had underwritten the coverages. Rather, all

documents purporting to confirm the placement of the coverages with United originated with the Morgan Agency. Subsequently, a civil action was commenced in Mineral County, West Virginia against Entertainment of the Eastern Panhandle, Inc. ("Entertainment") by Jonathan Kinsman, alleging negligence on the part of Entertainment in causing the injury. This civil action was amended to substitute in T. Weston, Inc., who filed a third-party complaint against Smallwood alleging professional negligence on the part of Smallwood that it failed to procure the insurance coverages for which T. Weston retained Smallwood to procure on its behalf or, in the alternative, had not placed such coverages with any solvent insurer.

### III. Applicable Law

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[4] Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[5]

Additionally, the party opposing summary judgment "must do more than simply show

---

[3] FED. R. CIV. P. 56(c); see **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).

[4] **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986).

[5] **Anderson**, 477 U.S. at 250.

that there is some metaphysical doubt as to the material facts."[6] That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial."[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

An insurer relying upon an exclusion to avoid or limit extending coverage bears the burden of proving all elements necessary to sustain such limitation or exclusion. **State Auto Mutual Ins. Co. v. Alpha Engineering Services, Inc.**, 208 W. Va. 713, 542 S.E.2d 876 (2000).

## IV. Discussion

Clearly, there exist several facts in dispute in this case. However, the Court finds as a matter of law that no finder of fact could reasonably resolve this issue in favor of the defendants. Simply put, based on the evidence presented no genuine issues of *material* fact remain in dispute. Therefore, the defendant cannot surpass the threshold inquiry demanded by Rule 56. Accordingly, it is the opinion of this Court that plaintiff Smallwood-Small Insurance, Inc.'s Motion for Summary Judgment [Doc. 44] be granted.

The plaintiff states three arguments in support of its motion for summary judgment. The Court will now address each of those in detail.

---

[6] **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986).

[7] Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248.

[8] **Anderson**, 477 U.S. at 249 (citations omitted).

### A. American Auto is unable to carry its burden of proof with respect to its insolvent insurer exclusion.

The exclusion on which American Auto based its denial of coverage provides:

This policy does not apply to

XIV. Any claim arising out of the financial inability to pay, insolvency, receivership, bankruptcy or liquidation of any insurance company, reinsurer, self-insurance trust, group insurance trust or other risk assuming entity other than:

A. At the time insurance placement is made, any insurance company that is admitted in the state where the placement was made and any non-admitted carrier as long as that non-admitted carrier has a "Best Insurance Report" rating classification of B + or above.

Policy at 9, Exhibit "A" to Plaintiff's Complaint.

An insurer relying upon an exclusion to avoid or limit extending coverage bears the burden of proving all elements necessary to sustain such limitation or exclusion. ***State Auto Mutual Ins. Co. v. Alpha Engineering Services, Inc.***, 208 W. Va. 713, 542 S.E.2d 876 (2000)..

The defendants cannot meet their burden because the exclusion is based upon the premise that *any* insurer underwrote the insurance coverages for the insureds. In this case, no insurer ever underwrote the coverages because the Morgan Agency, unbeknownst to Smallwood, was not an insurer, but rather a fraudulent shell corporation.

Smallwood was informed by Gil Morgan, the principal, that he was a licensed West Virginia surplus lines broker. In reliance thereupon, Smallwood attempted to place the above-listed coverages through the Morgan Agency for several of its clients. Further, the Morgan Agency issued standard form binders for such coverages purporting to bind United to underwrite the requested coverages, issued in at least one instance a specimen insurance policy, accepted premium payments, entered into payment plans for the payment

of the premiums and even purported to cancel the coverages for nonpayment of premiums.

After claims were made against Smallwood, its counsel undertook an investigation, which ultimately uncovered the fact that the Morgan Agency was not a licensed West Virginia surplus lines broker, as its principal, Gil Morgan, had represented. Additionally, Smallwood discovered that United was a shell corporation, which, from the record, never appears to have underwritten any of the coverages. Finally, it surfaced that the Morgan Agency was part of a larger organized crime ring defrauding, on a national basis, insurance agents and their clients by accepting premiums for coverages that were never placed with any insurer. According to Smallwood, Gil Morgan has since been stripped of his Texas insurance agent's license, has been indicted, and remains at large.

Subsequent to learning that the Morgan Agency defrauded it, Smallwood, in turn, placed its E&O carrier, American Auto, on notice of the claims and demanded that it defend and indemnify it against the third-party claims. American Auto denied Smallwood's demand, citing the exclusion in its policy.

American Auto has set forth no evidence, however, that the coverages were ever placed with any insurer. As such, the defendants have failed to meet their burden of proof in support of the policy exclusion. Accordingly, summary judgment on this issue must be granted.

> **B.** **American Auto's claim that the three coverages constitute a series of related acts, errors or omissions, which would permit it to treat the claims as a single occurrence under the E&O policy is unfounded.**

American Auto argues that the attempted placement of coverages through the Morgan Agency on behalf of the three insureds constitutes or may constitute a "series of

related acts, errors, omissions," which would permit them to treat the claims as a single "occurance" under Smallwood's E&O policy. The defendants argue that it is not the actual placement that is at issue, but rather Smallwood's alleged failure to conduct a reasonable inquiry into the status of the insurance carrier on which it relied for its client's coverage.

American Auto and Fireman's Fund claim that Smallwood only has one claim based on its conduct of issuing liquor liability policies to its clients while representing that they were insured without conducting a reasonable inquiry into the status of United as a carrier. They further allege that the conduct at issue is its failure or repeated failure to conduct a reasonable inquiry into the status of United as an insurance carrier.

This Court finds the defendants' assertion that the three claims brought against the Agency clearly arise out of United's inability to pay claims to be incorrect. Rather, the claims against Smallwood entail alleged breaches of duty to three separate and unrelated clients operating three separate and unrelated establishments who sought similar coverages through Smallwood at three separate times.

Smallwood advised each of its clients that coverage had been placed with United, and each of the Agency's clients received a binder and/or a policy reflecting placement of a liquor liability with United. Simply put, these claims entail the duties Smallwood owed to each insured separately and individually and the underlying lawsuits against Smallwood's clients arise from three separate and distinct events, separated by time and distance. The only commonality is that each of those clients, along with Smallwood itself, were defrauded by the Morgan Agency and its shell corporations.

Further, this Court finds that a reasonable investigation into the financial security of United would not have disclosed the larceny of the Morgan Agency. These were three

separate and distinct acts of fraud by the Morgan Agency of which a reasonable investigation could not have uncovered.

> **C.  American Auto is estopped from reserving in omnibus fashion all other potential defenses and avoidances which may be available to it under the policy under the authority of *Potesta v. United Stated Fid. & Guar. Co.***

Under ***Potesta v. United Stated Fid. & Guar. Co.***, 202 W. Va. 308, 504 S.E.2d 135 (1998), an insured may invoke the doctrine of estoppel to preclude an insurer from asserting previously unarticulated defenses to coverage where the insured has acted or refrained from acting in detrimental reliance upon the insurer's previously-stated grounds for denying coverage.

In this case, Smallwood has prepared its case within the framework of the issues based upon American Auto's previously-stated grounds. Smallwood convincingly argues that, to allow American Auto to proceed upon new grounds would effectively revert the case back to its infancy, wasting time, money, and energy, which the parties have already expended. Therefore, this Court is of the opinion that American Auto shall be limited to the previously-stated policy defenses and shall be estopped from introducing new ones.

## V.  Conclusion

Viewing the evidence in the light most favorable to the defendants and having resolved all conflicts in the evidence in its favor, the Court finds that the plaintiff is entitled to judgment as a matter of law. Therefore, based on the foregoing, it is the opinion of this Court that plaintiff Smallwood-Small Insurance, Inc.'s Motion for Summary Judgment **[Doc. 44]** should be, and is, hereby **GRANTED**. Accordingly, this civil action is **DISMISSED with prejudice**, and it is further **ORDERED** that this action be and is hereby **STRICKEN** from the active docket of this Court.

Further, American Automobile Insurance Company and Fireman's Fund Insurance Company's Joint Motion For Partial Summary Judgment on Application of the Per Claim Limit **[Doc. 45]**, Joint Motion for Partial Summary Judgment as to Plaintiff's Declaratory Judgment, Breach of Contract, and Unfair Trade Practices Counts **[Doc. 47]**, and Joint Motion for Partial Summary Judgment as to Common Law Bad Faith Counts **[Doc. 49]** are all **DENIED** for reasons consistent with this Court's opinion.  As a final matter, plaintiff Smallwood-Small's Motion to Exceed Page Limitation **[Doc. 43]** is hereby **DENIED as moot**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** December 20, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE